## JAMES OLIPHANT *v.* SMITH WHITNEY.

ENTERING DEFAULT.—If a demurrer is *filed* within the time specified in the summons to answer, the Clerk cannot enter the default of the defendant and final judgment for want of answer, even if the demurrer has not been served upon the opposite attorney.

JURISDICTION OF CLERK.—The Clerk has no authority to hear evidence, *ex parte* or otherwise, and try the question whether a demurrer or answer has been served upon the opposite attorney, nor can the Court by a rule confer that authority upon him. Such question can be *tried by the Court alone.*

SECTION ONE HUNDRED AND FIFTY OF PRACTICE ACT.—A demurrer is an answer within the meaning of section one hundred and fifty of the Practice Act.

SERVICE OF DEMURRER OR ANSWER.—It is not necessary, under the statute, to serve an answer or demurrer upon the opposite attorney, unless he lives in the same county in which the action is pending.

OPENING DEFAULT.—If a demurrer is filed with the Clerk within the statutory time, and the Clerk in vacation enters a default and judgment upon *ex parte* proofs made by the plaintiff that no copy of the demurrer has been served upon the opposite attorney, the default should be opened on defendant's application.

APPEAL from the District Court, Eleventh Judicial District, Calaveras County.

The defendant, on his application to open the default, introduced affidavits stating that he had a meritorious defence to a part of the cause of action in the opinion of his counsel, and that he employed counsel to defend, and that his counsel did not know of the rule of Court requiring a demurrer to be served on the plaintiff's attorney.

The other facts are stated in the opinion of the Court.

4

*J. H. Budd,* and *L. W. Elliott,* for Appellant.

The Clerk, in entering defaults, exercises no judicial functions, but acts merely in a ministerial capacity, and unless he confines himself strictly within the statute, his acts can have no binding force. (*Wilson* v. *Cleaveland,* 30 Cal. 198; *Stearns* v. *Aguirre,* 7 Cal. 443; *Kelly* v. *Van Austin,* 17 Cal. 564; *Glidden* v. *Packard,* 28 Cal. 651.)

The Clerk, in entering judgments, acts as a ministerial officer, and can only enter judgment when pronounced by the Court or the statute, upon the matter contained in the record. (*Stearns* v. *Aguirre,* 7 Cal. 449; *Wilson* v. *Cleaveland,* 30 Cal. 198.)

*T. K. Wilson,* and *Coffroth & Spaulding,* for Respondent.

The rule of the Court is not in conflict with the statute, but simply provides for carrying it into effect, and may be considered auxiliary to it. (Practice Act, Sec. 38, as amended in 1866.) District Courts have the right to make rules for their government, and this rule is not in conflict with this general power. (Hittell's Dig., Art. 1,259; *People* v. *Sears,* 18 Cal. 635; *Waldie* v. *Doll,* 29 Cal. 557; *People* v. *McClellan,* 31 Cal. 101.)

By the Court, SAWYER, J.:

Due service of summons having been made on defendant in another county and district, a demurrer was *filed* within the forty days allowed him to answer. After the forty days had expired, in vacation, the plaintiff's attorney filed his own, and his client's affidavit, showing that no copy of the demurrer had been *served,* either on the plaintiff or his attorney, and, thereupon, in pursuance of a rule of the Court, the Clerk, upon plaintiff's *ex parte* application, entered defendant's default and final judgment for want of an answer. Defendant subsequently, under section sixty-eight of the

Practice Act, applied upon affidavits to have the judgment and default vacated, and for leave to answer. The motion having been denied, he appeals from the order denying it, and from the judgment.

The Clerk clearly had no jurisdiction to hear the plaintiff's application for default and judgment based upon his affidavits. This was a question for the Court alone. The Clerk can render judgment only in the precise cases designated by the statute. Section one hundred fifty only authorizes him to enter judgment by default in an action for money, or damages arising on a contract, " if no answer has been *filed* with the Clerk of the Court within the time specified in the summons." Nothing is said about *serving*. And a demurrer is an answer within the meaning of the provision, otherwise a default might be entered in all cases where a demurrer only has been served and filed. Another section, it is true, requires an answer, or demurrer, to be served upon the adverse party, or his attorney, when such party or his attorney resides in the same county in which the action is pending. (Section 38.) But the Clerk has no means of knowing what has been done, beyond what is disclosed by his files and the record made in the regular course of procedure, and, when an answer is *filed* in due time, he has all that he is authorized to look to in order to determine whether a default is due or not. If the party has, in fact, failed to serve the answer or demurrer, questions will arise which the Legislature have not seen fit to intrust to his determination. He would be called upon to determine a question of fact, as to the residence of a party, upon evidence outside the record and files. It might be a litigated question, requiring evidence pro and con, involving the credibility of witnesses, and the consideration and determination of other incidental questions liable to arise in the course of the litigation. These are purely judicial functions, which only the Court itself has jurisdiction to perform. It would hardly be claimed that the Clerk would have jurisdiction, under the statute, to act in such a case independent of the rule of the Court. But it

is a question of jurisdiction, and the Court is not authorized to confer upon the Clerk jurisdiction to render judgment in cases not authorized by the statute itself. The default and judgment, therefore, were entered without authority.

But, if we concede the authority upon a proper showing, there was still no sufficient showing made to justify the order in this instance. Service of a demurrer, or answer, is not in all cases required. It is only necessary, when " the adverse party or his attorney lives within the county in which the action is pending." (Section 38.) It does not appear by the affidavits that either resided in the county where the action was pending. Neither the Clerk nor this Court, therefore, can judicially know that a service of a copy of the demurrer was required by the statute.

We are inclined to think, also, that, upon the showing made, the motion to open the default should have been granted.

Judgment and order reversed with leave to defendant to answer within ten days after receiving notice of the filing of the remittitur in the District Court.

Mr. Justice SHAFTER expressed no opinion.