Points Decided.

(October 28, 1921.)

## CENTRAL DEEP CREEK ORCHARD COMPANY, a Corporation, Respondent, v. C. C. TAFT COMPANY, a Corporation, Appellant.

[202 Pac. 1062.]

SPECIAL APPEARANCE—MOTION TO QUASH SERVICE OF SUMMONS—JUDGMENT BY DEFAULT—ANSWER—STATUTORY CONSTRUCTION—ISSUE OF LAW—JURISDICTION—MOTION SOLELY ON JURISDICTIONAL GROUNDS—ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT AN APPEALABLE ORDER—JUDICIAL DISCRETION—ABUSE OF.

1. A special appearance, for the purpose only of making a motion to quash the service of summons, is a proper practice in attacking the validity of such service in order to raise the question of the jurisdiction of the court.

2. A plaintiff in an action is not entitled to take a judgment by default where a proper motion by defendant is still before the court undisposed of, unless the determination of the motion either way would not affect the right of the plaintiff to proceed with the action.

3. A special appearance and motion to quash the service of summons meets the requirements of an answer within the meaning of C. S., sec. 6832, which provides that: "Judgment may be had . . . . if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted," and during the pendency of such motion the defendant is not in default.

4. A special appearance and motion to quash the service of summons presents an issue of law, which issue must be disposed of by the court before it assumes jurisdiction of the defendant.

5. A motion based wholly on an alleged want of jurisdiction is not an appearance generally, or a waiver of any irregularity in the proceedings by which a party is attempted to be brought into court. The substance of such motion, and the character of the relief asked for therein, are only to be regarded in determining the question whether such appearance is special or general.

6. An order denying a motion to set aside a default judgment is a special order made after final judgment, and is appealable under the provisions of C. S., sec. 7152.

7. *Held,* that the refusal of the lower court to set aside the default and judgment in this case upon motion of appellant was an abuse of judicial discretion.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action on contract. Judgment for plaintiff by default. Motion to set aside default, denied. *Reversed* and *remanded.*

Walters, Hodgin & Bailey, for Appellant.

While a defendant has a proper motion on file and undisposed of, default judgment cannot be taken against him unless the determination of the motion either way would not prevent the plaintiff from proceeding with the case. (*Kerney v. Hatfield,* 30 Ida. 90, 162 Pac. 1077; 23 Cyc. 750; 6 Ency. Pl. & Pr. 93; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Crosson v. Cooper,* 41 Okl. 281, 137 Pac. 354; *Ortega v. Vigil,* 22 N. M. 18, 158 Pac. 487; 15 R. C. L. 666; 14 Stand. Ency. of Proc. 877; *Atchison-Topeka & Santa Fe Ry. Co. v. Lambert,* 31 Okl. 300, Ann. Cas. 1913E, 329, 121 Pac. 654; *Rice v. Simmons,* 89 Ark. 359, 116 S. W. 673; *Story v. Ware,* 35 Miss. 399, 72 Am. Dec. 125; *Hosmer v. Hoitt,* 161 Mass. 173, 36 N. E. 835; *Mitchell v. Campbell,* 14 Or. 454, 13 Pac. 190; *Cooper v. Condon,* 15 Kan. 572; *Oklahoma State Bank v. Buzzard,* 61 Okl. 88, 160 Pac. 462.)

Appellant had a right to appear specially by motion to test the jurisdiction of the court over it. (3 Cyc. 511; 2 Ency. Pl. & Pr. 625; *Shaw v. Martin,* 20 Ida. 168, 117 Pac. 853; *Morris v. Miller,* 4 Ida. 454, 40 Pac. 60; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *In re Clark,* 125 Cal. 388, 58 Pac. 22; *Remsberg v. Hackney Mfg. Co.,* 174 Cal. 799, 164 Pac. 792; *Clark v. Forbes,* 34 Cal. App. 524, 168 Pac. 155; *Roberts v. Superior Court,* 30 Cal. App. 714, 159 Pac. 465.)

H. C. Hazel and H. J. Benoit, for Respondent.

Defendant waived any question of jurisdiction by its general appearance after judgment. (*Security Loan & Trust Co. etc. v. Boston & S. R. Fruit Co.*, 126 Cal. 418, 58 Pac. 941; *Olcese v. Justice's Court etc.*, 156 Cal. 82, 103 Pac. 317; *Kaw Life Assn. v. Lemke*, 40 Kan. 142, 19 Pac. 337; *National Coal Co. v. Cincinnati, G. C. C. & M. Co.*, 168 Mich. 195, 131 N. W. 580.)

The default was properly entered, and the motion to quash the service of summons did not extend the time for appearing or answering the suit. (*Mantel v. Casey*, 31 Mont. 408, 78 Pac. 591; *Higley v. Pollock*, 21 Nev. 198, 27 Pac. 895; *Goldstein v. Peter. Fox Sons Co.*, 22 N. D. 636, 135 N. W. 180, 40 L. R. A., N. S., 566; *Pilant v. Hirsch & Co.*, 14 N. M. 11, 88 Pac. 1129.)

The order appealed from as disclosed by this record is not an appealable order. (*Reay v. Butler*, 69 Cal. 572, 11 Pac. 469; *Tripp v. Santa Rosa St. R. Co.*, 69 Cal. 632, 11 Pac. 219; *Goyhinech v. Goyhinech*, 80 Cal. 409, 22 Pac. 175; *Kubli v. Hawkett*, 89 Cal. 638, 27 Pac. 57; *Lee Chuck v. Quan Wo Chong*, 91 Cal. 592, 28 Pac. 45; *Symons v. Bunnell*, 101 Cal. 223, 35 Pac. 770; *In re Gregory's Estate*, 122 Cal. 483, 55 Pac. 144; *Hibbard, Spencer, Bartlett & Co. v. De Lanty*, 20 Wash. 539, 56 Pac. 34; *National Christian Assn. v. Simpson*, 21 Wash. 16, 56 Pac. 844; *Morrell Hdw. Co. v. Princess Gold-Min. Co.*, 16 Colo. App. 54, 63 Pac. 807; *Birch v. Cooper*, 136 Cal. 636, 69 Pac. 420; *Kent v. Williams*, 146 Cal. 3, 79 Pac. 527; *Alpers v. Bliss*, 145 Cal. 565, 79 Pac. 171; *Taylor v. Marshall*, 12 Cal. App. 549, 107 Pac. 1012; *Steinberg v. Jacobs*, 21 Cal. App. 765, 132. Pac. 1062.)

BUDGE, J.—This is an action by respondent to recover from appellant $15,718.33 and interest, upon three alleged causes of action. From an order of the court denying appellant's motion to vacate the judgment and set aside the default, this appeal is taken.

Upon the filing of the complaint, summons was issued and delivered to the sheriff, and in his return thereon he certified that he personally served the summons upon appellant, "by delivering to and leaving with W. B. Amsbary, personally, the statutory agent of said defendant, C. C. Taft Company, a corporation, in the county of Twin Falls, on the twenty-second day of January, A. D. 1919, a copy of said summons; and that to the copy so delivered to and left with said W. B. Amsbary as the statutory agent of the defendant C. C. Taft Company, a corporation, was attached a copy of the complaint referred to in said summons.

". . . . that the said W. B. Amsbary is the authorized agent of said defendant corporation upon whom process issued by authority of law may be served as shown by the designation of agent on file in the office of the clerk of the above entitled court."

On February 10, 1919, appellant, by its attorneys, filed a special appearance and moved the court to quash the service of summons for the reason that "the defendant C. C. Taft Co., a corporation, is a corporation organized and existing under and by virtue of the laws of the state of Iowa, and not engaged and is not now engaged in transacting business within the state of Idaho within the purview of the statutes of the said state of Idaho relating thereto; that the nature of this action, as disclosed by the complaint, is personal in its nature and does not fall within the sections of the statutes of the state of Idaho authorizing service outside the state or by publication; that by reason of the foregoing, this court has acquired no jurisdiction of the defendant."

On February 12, 1919, upon request of respondent, a clerk's default was entered, and on February 22, 1919, judgment was entered by the court, in favor of respondent, upon its third cause of action, for $4,000, with interest and costs.

On March 7, 1919, appellant filed a motion to set aside the judgment entered by default against it, and all sub-

sequent proceedings therein, for the reason, ''that upon the date upon which default was entered, to wit, the twelfth day of February, 1919, a special appearance of the defendant, the C. C. Taft Company, had been duly served and filed and was and is a matter of record in said action, and undisposed of.

''That the default was improperly and prematurely entered.''

In support of this motion, an affidavit was filed by one of appellant's attorneys, setting forth the above facts, and that appellant has no officer, representative or managing agent in Idaho, and on the hearing a certificate of the Secretary of state of Idaho was filed, dated February 26, 1919, to the effect that appellant's right to do business in Idaho was forfeited on December 2, 1918.

Appellant's motion was denied and overruled on March 25, 1919, and appellant assigns as error the action of the court in this regard.

It is urged on behalf of appellant that its appearance was special, for the sole purpose of challenging the jurisdiction of the court. The court could acquire jurisdiction over the person of appellant only by service of process upon it or by its voluntary appearance and submission. Appellant might have made a general appearance, thereby submitting its person to the jurisdiction of the court, or a special appearance as it did, merely for the purpose of testing the sufficiency of the summons to bring it within the jurisdiction of the court. This latter procedure is a proper practice in attacking the validity of the service of summons, inasmuch as it enables the defendant to raise the question of the jurisdiction of the court as a preliminary issue, and to save an exception to any adverse ruling of the court thereon.

Respondent, on the other hand, contends, first, that the special appearance made by appellant did not operate to extend the time for answer or demurrer beyond that fixed in the summons, and that having failed to answer within

the time so fixed the default was properly entered; second, that in any event appellant waived any question of jurisdiction by its motion to vacate and set aside the judgment by default; and, third, that the order appealed from is not an appealable order.

We think the correct rule, supported by the weight of authority and the better reasoning, is that where there is a proper motion by the defendant pending and undisposed of, it is improper for the plaintiff to take a judgment by default (*Atchison, T. & S. F. R. Co. v. Lambert,* 31 Okl. 300, Ann. Cas. 1913E, 329, and note at p. 331, 121 Pac. 654), unless the determination of the motion either way could not affect the right of plaintiff to proceed with the cause.

Properly speaking, a judgment by default is one taken against a defendant, who, having been duly summoned or cited in an action, fails to enter an appearance (1 Black on Judgments, 2d ed., sec. 80, p. 111), though the term is usually extended to include judgments of *nil dicit.* The distinguishing feature of such a judgment is that it follows upon the negligence or omission of the defendant, and the rule appears to be firmly established that when an answer or other pleading of a defendant, raising an issue of law or fact, is properly on file in the case, no judgment by default can be entered against him, but that such answer or other pleading must be disposed of by motion, demurrer, or in some other manner. (Black on Judgments, *supra,* sec. 86, p. 122, note 59.)

Bearing in mind this general rule of law, we are not disposed to extend the application of the statute defining the right of plaintiff to a default judgment, beyond its terms and the obvious purpose for which it was enacted. This statute, C. S., sec. 6832, provides that: "Judgment may be had . . . . if no *answer* has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted. . . . ."

The question then arises: What is an answer within the meaning of C. S., sec. 6832?

Under our statute, C. S., sec. 6694, an answer may contain a general or specific denial of the material allegations of the complaint, and a statement of any new matter constituting a defense or counterclaim.

It may be urged that the filing of a special appearance attacking the service of summons, while it raises a question of law, is not an answer within the meaning of the provisions of C. S., sec. 6832.

C. S., sec. 6686, *inter alia,* provides: "The defendant may demur to the complaint within the time required in the summons to answer," and a demurrer is an answer within the meaning of the provisions of C. S., sec. 6832. (*Smith v. Clyne,* 16 Ida. 466, 101 Pac. 819; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65.) Default cannot be taken while there is a demurrer on file and undisposed of. (*Oliphant v. Whitney,* 34 Cal. 25.) A demurrer raises questions of law. So does a special appearance. Sec. 6832 requires an answer to be filed within the time fixed in the summons, or such further time as may have been granted. Sec. 6686 limits the time to demur within the time required in the summons to answer, but does not extend the time to answer. But in construing sec. 6832, a demurrer has been held to be an answer within the meaning of said section. It is not inconsistent or illogical to hold the filing of a special appearance is an answer, within the meaning of sec. 6832, and must be disposed of before default can be legally entered.

In *Smith v. Clyne, supra,* this court held that: "A defendant, who has filed a demurrer or motion addressed to the complaint, is not in default until after such demurrer and motion are disposed of."

And in *Culver v. Mountain Home Electric Co., supra,* it was held that: "The filing of a demurrer to a complaint presents an issue of law which the court is required to decide, and the defendant is not in default until such

issue of law is disposed of, and it is error for the court to permit default to be entered or to enter judgment against the defendant until such demurrer is overruled.''

While in the former case a general appearance was entered by demurrer and motion to strike portions of the complaint, yet this does not change the principle involved. The defendant had the right, under C. S., sec. 6832, to have his demurrer and motion to strike disposed of, and the questions of law raised thereby determined, before default could be entered against him, and where a defendant appears specially, attacking the jurisdiction of the court over him, we can see no logical reason why that question should not also be determined or waived before default is entered. The filing of a special appearance presents a question of law, and the court should be required to dispose of that issue before it assumes jurisdiction over the defendant.

While it is true that the demurrer is directed to the complaint, and the special appearance and motion to quash is aimed at the service of process, yet both present issues of law, vital to the rights of the defendant, and he should not be compelled to waive either by the failure of the court to pass thereon.

Our statute, C. S., sec. 6832, is copied from the California Practice Act of 1872, sec. 585, which is a re-enactment of sec. 150, c. 5, p. 73, of the California Session Laws of 1851, and the California court holds that a demurrer is an answer within the meaning of their statute. (*Oliphant v. Whitney, supra; Fletcher v. Maginnis,* 136 Cal. 362, 68 Pac. 1015.) That court held, however, in *Shinn v. Cummins,* 65 Cal. 97, 3 Pac. 133, and *McDonald v. Swett,* 76 Cal. 257, 18 Pac. 324, that: ''The pendency of the defendant's motion 'to dismiss, vacate, and set aside the pretended service of summons and copy of complaint' did not extend the time specified in the summons for answering the complaint,'' and this holding has been followed in other states which have adopted the California Practice Act. (*Mantle v. Casey,*

31 Mont. 408, 78 Pac. 591; *Pilant v. Hirsch,* 14 N. M. 11, 88 Pac. 1129; *Greenfield v. Wallace,* 1 Utah, 189; *Higly v. Pollock,* 21 Nev. 198, 27 Pac. 895.) Since the decision of *Higley v. Pollock, supra,* the rule in Nevada has been changed by the addition of a sentence to the statute, defining the word answer as "any pleading that raises an issue of law or fact, whether the same be by general or special appearance." (*Esden v. May* (Nev.), 135 Pac. 1185.)

It is apparent, then, that these courts recognize that the term "answer" as used in sec. 6832 is not used in the same narrow sense as in sec. 6694, but that it also embraces a form of pleading which raises a question of law, that is to say, a demurrer, and yet, since the holding of the California court in *Shinn v. Cummins,* that court being "unable to discover any ground on which the judgment should be reversed," these jurisdictions have consistently adhered to the view that the making of a motion to quash or set aside the summons does not extend the time within which to answer. If this is the correct rule, then there is no adequate procedure provided under our statute by which a defendant may challenge the jurisdiction of the court over him. The machinery of the court cannot be used as a means to compel a party to surrender to the jurisdiction of a court in the absence of a valid service. Since in the instant case the court neglected or refused, within the time fixed in the summons, to pass upon respondent's motion to quash the service, it was compelled either to permit judgment to be taken against it and resist the enforcement of the judgment, or to submit to the jurisdiction of the court, or move as it did in this case to vacate the default and judgment, in order that its motion to quash the service of the summons might be passed upon.

While a motion to set aside a judgment, which is invalid for want of jurisdiction of the person of the defendant, based solely on such lack of jurisdiction, does not operate as a general appearance or cure the defect of jurisdiction, yet the authorities are agreed that a motion which

proceeds not only on the ground of want of jurisdiction of the person, but joins therewith any nonjurisdictional ground, is a general appearance. (Note, Ann. Cas. 1914C, pp. 696, 697, and cases there cited.)   A motion in a cause based wholly on an alleged want of jurisdiction is not an appearance generally, or a waiver of any irregularity in the proceedings by which a party is attempted to be brought into court. (*Cohen v. Trowbridge*, 6 Kan. 385; *Bishop v. Fischer*, 94 Kan. 105, Ann. Cas. 1917B, 450, 145 Pac. 890.)

The substance of appellant's motion, and the character of the relief asked for therein, are only to be regarded in determining the question whether its appearance was special or general.   It is clear that appellant's sole purpose was to challenge the jurisdiction of the court over it, and the relief sought is in no way inconsistent with a want of such jurisdiction. (*Elliott v. Wirth*, 34 Ida. ——, 198 Pac. 757, at 760, and cases there cited.)

There is no merit in respondent's contention that the order appealed from is not an appealable order.   The order in question is a special order made after final judgment, and is appealable under the provisions of C. S., sec. 7152, subd. 2. (*Duffield v. Ohnewein*, 32 Ida. 732, 187 Pac. 541.)

In view of the foregoing, we hold that a special appearance and motion to quash the service of summons is an answer within the meaning of C. S., sec. 6832, that during the pendency of such motion the defendant is not in default, and that the trial court abused its discretion in this case in refusing to set aside the default and judgment upon appellant's motion.

This cause should, therefore, be reversed and remanded, with instructions to the trial court to vacate and set aside the default and judgment entered therein, and to pass upon appellant's motion to quash the service of summons.   It is so ordered.   Costs are awarded to appellant.

McCarthy and Lee, JJ., concur.

Rice, C. J., and Dunn, J., dissent.

Petition for rehearing denied.