(June 1, 1922.)

FRANK J. KLINE et al., Heirs of JOHN TORMEY, Deceased, Appellants, v. W. H. SHOUP et al., Respondents.

[207 Pac. 584.]

PROBATE MATTER—APPEAL TO DISTRICT COURT—APPEAL TO SUPREME COURT—APPEARANCE—NECESSARY PARTIES.

1. On appeal from the probate to the district court in probate matters the notice of appeal must be served on the executor or administrator, and upon all parties interested, who appeared upon the motion or proceeding which the appellant desires to have reviewed. (C. S., sec. 7176.)

2. This means parties who made a general appearance, and does not include parties who merely made a special appearance to attack the jurisdiction of the court.

3. On appeal to the supreme court from a judgment of the district court rendered on an appeal from the probate court in a probate matter, only those need be made parties to the appeal to this court who were necessary parties to the appeal from the probate court to the district court.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Appeal from a judgment of the district court reversing an order of the probate court which set aside a former order confirming an administrator's sale. Motion to dismiss appeal. *Denied.*

Burleigh & Glennon, for Respondents.

The condition of the case at the time of the appeal to the district court was such that neither of respondents Thompson and Matthews could possibly have been adversely affected by any decision that the district court might make. The order or judgment of the probate court, if effective at all, was such as to deprive them of their entire interest in the property in controversy, and no judgment that the district court might enter could have been any more adverse to them. For that reason they were not necessary parties to that appeal. The judgment of the district court, however, from which this appeal is taken, was in favor of these respondents, and any reversal or modification of that judgment by this court must necessarily affect them adversely. (*Nelson Bennett Co. v. Twin Falls Land & Water Co.*, 13 Ida. 767, 13 Ann. Cas. 172, 92 Pac. 980.)

John H. Padgham and Richards & Haga, for Appellants.

The appeal to this court is from the proceedings in the district court. Thompson and Matthews were not parties to the proceedings in that court. They were not "parties" within the meaning of the statutes on appeal, in the probate court. (Sec. 7176, C. S.; *In re McDougald's Estate*, 143 Cal. 476, 77 Pac. 443; *McKenzie v. Hill,* 9 Cal. App. 78, 98 Pac. 55.)

The fact that Thompson and Matthews may claim an interest in the property involved is immaterial, for it is conceded that they based their title on a judicial sale and they bought under the rule of *caveat emptor*. (*Kimball v. Salisbury,* 19 Utah, 161, 56 Pac. 973; 16 R. C. L. 119; 17 R. C. L. 1032; 2 R. C. L. 57.)

McCARTHY, J.—On July 18, 1917, the probate court for Lemhi county made an order in the matter of the estate of John Tormey, deceased, authorizing respondent Shoup, administrator, to sell the mining property belonging to the estate, and on April 23, 1919, made an order confirming a

sale of said property made in conformance with the first order. On September 13, 1920, appellants, being parties claiming an interest in said estate and property, filed a petition in said probate court asking it to set aside the orders authorizing and confirming the sale, on the ground that the said administrator procured said orders fraudulently, that the notice of application for the orders was not given as required by statute, and that the petition for the orders did not describe the property or give any reason for the sale. No such proceeding as this is provided by the statutes of this state relating to probate proceedings. However, we will not here pass upon the question whether the probate court had jurisdiction to entertain the petition, as that will more properly arise upon a consideration of the merits of the case. There is no statutory provision for service in such a proceeding. If it is recognized by our law, which we do not here decide, the requirement as to service should probably be the same as in proceedings for confirmation of the sale, in which case C. S., sec. 7632, provides that notice shall be given by posting the notice or publishing it for ten days. It does not appear from the record whether any notice was given. However, on December 22, 1920, respondent Shoup filed an affidavit, which constituted both an answer to the petition and an attack on the jurisdiction of the court. On December 22, 1920, an answer was filed by respondent F. S. Wright, who purchased the property from the administrator on the sale, and subsequently, but before the filing of the petition, conveyed to Walter L. Thompson and S. A. Matthews each an undivided one-fourth interest. On the hearing in the probate court counsel appeared specially for said Thompson and Matthews and moved the court to desist from taking any action upon the petition and to dismiss the same, which motion was denied, whereupon said Thompson and Matthews declined to further appear at the hearing. It is clear that their motion was an attack upon the jurisdiction of the court. Thereupon the matter was heard upon the petition, the answers of Shoup, admr., and Wright, upon records and files in the

35 Idaho—34

action and certain depositions, and the court made an order setting aside its former orders authorizing and confirming the sale. Thereupon respondents Shoup and Wright appealed to the district court for Lemhi county. No service of the notice of appeal was made upon Thompson and Matthews and they made no appearance in that court. The district court reversed the order of the probate court, which amounted to reinstating the original orders authorizing and confirming the sale. This judgment of the district court is therefore in the interest of Thompson and Matthews, who purchased on the administrator's sale. From this order, appellants, being parties claiming an interest in the estate and property in question, have appealed to this court. Thompson and Matthews are not made parties to the appeal and no service of the notice of appeal was made upon them. They have moved to dismiss the appeal on the ground that they are necessary parties, and the notice of appeal was not addressed to or served upon them or their attorneys.

Their position is based on these three propositions. On appeal from the district court, the notice of appeal must be served on the adverse party. (C. S., sec. 7153.) Adverse party means any party who would be prejudicially affected by a modification or reversal of the judgment or order appealed from. (*Diamond Bank v. Van Meter,* 18 Ida. 243, 21 Ann. Cas. 1273, 108 Pac. 1042; *Holt v. Empey,* 32 Ida. 106, at 109, 178 Pac. 703.) Such a party must be served, even though judgment was entered against him by default. (*Titiman v. Alamance Mining Co.,* 9 Ida. 240, 74 Pac. 529; *Baker v. Drews,* 9 Ida. 276, 74 Pac. 1130.) These propositions are sound, generally speaking, but they do not apply to this case.

It must be remembered that this is a probate proceeding originating in the probate court. The statutes in regard to appeals in probate matters govern. The appeal to the district court was authorized by C. S., sec. 7176, which provides that the notice of appeal must be served upon the executor, and upon all parties interested, who appeared upon the motion or proceeding which the appellant desires to have re-

viewed. Thompson and Matthews were not served with notice. Should they have been? This depends upon whether they had appeared upon the motion or proceeding in the probate court within the meaning of those words as used in sec. 7176. C. S., sec. 7202, provides that: "A defendant appears in an action when he answers, demurs or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. . . . . " In other words, an appearance under our statute means a general appearance, and does not include a special appearance merely for attacking the jurisdiction of the court. Since Thompson and Matthews appeared specially, merely for that purpose, and declined to appear further, we conclude that they were not parties who appeared on the proceeding in the probate court within the meaning of sec. 7176, and therefore were not necessary parties to the appeal to the district court. This would be so regardless of what had been the action of the probate court. If the district court had jurisdiction to proceed without them, then, on an appeal from the district court to this court, we conclude that they were not necessary parties to the appeal. The legislature in passing the statute in regard to appeals could not have intended that one who was not a party to the action in the district court need be made a party on appeal to this court.

The motion to dismiss the appeal is denied.

Rice, C. J., and Dunn and Lee, JJ., concur.