### PHILLIPS v. MANUFACTURERS TRUST CO.*
#### No. 8973.

Circuit Court of Appeals, Ninth Circuit.
Feb. 14, 1939.

---

[3] Reversing Roebling v. Commissioner, 28 B.T.A. 644.

*Rehearing denied March 21, 1939.

S. T. Schreiber and Alfred Fraser, both of Boise, Idaho, for appellant.

Jess Hawley and Oscar W. Worthwine, both of Boise, Idaho, for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appeal is taken from an order dismissing an action, originally brought in a state court by appellant, and thereafter removed to the court below.

On February 8, 1937, appellant filed in a state court of Idaho, an action to recover $500,000 with interest from February 15, 1934, and costs from Manufacturers Trust Company, a New York corporation, hereinafter called appellee, and one Lewis, whose citizenship was not alleged. The gist of the cause of action was that Lewis as agent of appellee, its officers and directors, conspired to defraud appellant on November 19, 1931, by having

Lewis induce appellant to lease and obtain an option to purchase certain mining property in Gem County, Idaho, the record title to which stood in the name of Lewis, by falsely representing that Lewis was the true owner of such property; that appellant relied on the false representation, entered the premises, improved and operated the same; that on February 15, 1934, "after said [appellant] discovered the falsity of said representations" he ceased operating the property, and delivered the same to appellee on demand, to his damage.

Foreign corporations, before doing business in Idaho, are required to file a copy of their articles of incorporation in the office of the secretary of state of Idaho, and in the office of the county recorder of the county in which the principal place of business of the corporation shall be located. 2 Ida.Code, Ann., § 29-501. The corporation is also required "within three months from the time of commencement to do business" in Idaho, to designate a person in the county in which the principal place of business is located, upon whom service of process may be made, and file such designation in the office of the secretary of state of Idaho, and in the office of the county recorder of such county. It is further provided that service of process on such person is a valid service of process on the corporation. 2 Ida.Code, Ann., § 29-502. However, if the foreign corporation is "doing business" in Idaho, and has not designated a person on whom service may be made, then it is provided that service of summons may be made on the County Auditor of the county in which the principal place of business of the corporation is located, and such service shall have the same effect as though service had been made on a person designated by the corporation pursuant to § 29-502. 1 Ida. Code, Ann., § 5-507.

On the same day the complaint was filed, the sheriff of Ada County, Idaho, made a return of the summons issued, stating that he had served appellee, by serving the County Auditor of Ada County, pursuant to 1 Ida.Code, Ann., § 5-507. The sheriff of Gem County, Idaho, made a like return on February 10, 1937.

On February 27, 1937, appellee filed in the state court a petition for removal, alleging that appellee and Lewis were citizens and residents of New York, and on the same day, filed a bond on removal in the penal amount of $500 signed by a surety company, and appellee by one of its attorneys, who had filed the petition on appellee's behalf. On the same day, appellee appeared specially and moved to quash service of summons on it, on the ground that it was not then, and had not at any time, been doing business in Idaho.

On March 3, 1937, appellant filed an objection to allowance of the removal petition, and on the following day, filed his affidavit, stating upon information and belief that appellee was doing business in Idaho by operating the mining property through its agent, Lewis, a resident of New York. On the same day, appellee filed its written authorization, ratifying execution of the bond on removal by one of its attorneys. The state court then made its order of removal, on the same day.

On March 30, 1937, appellant moved to remand the cause to the state court, naming among others, the following grounds: (1) By moving to quash service of summons, appellee waived the right of removal; (2) the bond on removal was invalid; (3) all defendants in the action did not join in the petition for removal. On that day and subsequently appellant filed affidavits from which it could be inferred that appellee was doing business in Idaho through Lewis, as its agent. There was no proof of attempted service on Lewis until April 9, 1937. The motion to remand was denied by the court below on April 16, 1937.

Appellant, on April 27, 1937 renewed his motion to remand on two grounds: (1) Both defendants did not join in petition for removal; and (2) defendants had not, within 30 days after removal, complied with § 29 of the Judicial Code by filing a pleading, answer or demurrer to the complaint. Judicial Code, § 29, 28 U.S.C.A. § 72, so far as is here pertinent, provides that after a certified copy of the record in the state court has been filed in the "district court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court." On May 4, 1937, the court denied the motion.

A praecipe for default was then filed by appellant on June 2, 1937, and the clerk of the court below entered default of appellee and Lewis on that day. On July 6,

1937, appellant moved that such default be made final, and that the cause be set down for hearing. On August 6, 1937, appellee filed a motion stating that it was "appearing specially and for the sole purpose of setting aside the default"; that its motion to quash was pending, and had not been disposed of, and that the court had never acquired jurisdiction over the person of appellee. Lewis died on September 4, 1937. On October 5, 1937, the court below granted the motion to quash, and the motion to set aside the entry of default.

On October 21, 1937, appellant filed a motion to reconsider the order denying his motion to remand. On January 3, 1938, he filed an affidavit from which it might be inferred that appellee was doing business in Idaho. On January 5, 1938, the motion was denied.

A summons was then issued by the clerk of the court below on February 5, 1938, and the marshal made his return on the same day stating that he had served appellee by serving the County Auditor of Gem County, Idaho. The summons and return were filed on February 7, 1938. On the following day, another summons was issued and returned unserved. On the same day, appellant filed an affidavit for order to perfect service, stating that appellee was conducting a mining business in Idaho. The court, on that day, ordered that the clerk issue a summons, and that the same be served "according to law". Summons issued, and the return shows it to have been served on appellee, by serving the Auditor and Recorder of Gem County, Idaho on February 9, 1938. The recorder then made an affidavit that she sent a copy of the summons and complaint to appellee in New York City.

On March 23, 1938, appellee moved to quash service of the last mentioned summons, alleging that at no time had appellee been doing business in Idaho. On April 1, 1938, appellee filed an affidavit of one of its officers stating that in 1923, the Columbia Bank, a New York corporation, made a loan to a company which deposited a deed to the mining claims as security. Shortly thereafter such bank was merged with appellee. Legal title to the claims was taken in the name of Lewis, one of appellee's employees, and appellee held the equitable interest in the mining property. On February 9, 1932, appellee assigned its interest in the property to Huron Holding Corporation, a New York corporation, but that Lewis remained the legal owner.

Huron Holding Corporation is not a subsidiary of, or affiliated with appellee. The expenditures made by appellee since February 9, 1932 in the preservation and care of the mining properties, were not made on appellee's account, but for Huron Holding Corporation. An officer of Huron Holding Corporation made a similar affidavit which was also filed on April 1, 1938.

Appellant, on April 8, 1938, moved that default of appellee be entered. On April 15, 1938, he filed his affidavit quoting the testimony of one of the appellee's officers in another case tried in the court below in which appellee was a party, wherein it was testified that although the record owner was Lewis, the real owner, from 1923 to January, 1932, was appellee; that appellee had received royalty payments and was working the mine at the time of the testimony, and that it had a "State Compensation Insurance Policy in effect at the present time in the name of" Lewis. Appellant also filed an affidavit of an auditor in the office of the State Insurance Fund, wherein he stated that a policy had been issued in the name of Lewis which covered workmen employed at the mining property, and that the premium thereon had been paid on March 11, 1938. Appellant also produced the checks for the royalty payments mentioned, two of which were dated in 1932, and two were dated in 1933.

Appellee filed a supplemental motion to quash service of the summons issued February 5, 1938, on April 16, 1938.

The court below denied the motion for entry of default on April 22, 1938, and on May 5, 1938 held that appellee was not doing business in the state at the time service was attempted and granted the motion to quash the service.

On June 11, 1938, appellant filed another motion to remand the cause to the state court on the ground that it had ruled that appellee "was not within its jurisdiction". On June 13, 1938, the court denied the motion and dismissed the cause on the ground that "service of summons cannot be made upon" appellee. Appeal is taken from that order.

It is conceded that the cause of action alleged against appellee and Lewis was joint. For brevity, we will decide the many questions raised by appellant, without stating them.

■ Since appellee and Lewis were both nonresidents, the cause of action was a joint one, and Lewis had not been served,

it was unnecessary for both to join in the petition for removal. The Pullman Co. v. Jenkins, 59 S.Ct. 347, 83 L.Ed. ——, January 16, 1939. Appellee did not enter a general appearance in the state court by filing therein the motion to quash service (Central Deep Creek Orchard Co. v. C. C. Taft Co., 34 Idaho 458, 467, 202 P. 1062; 1 Ida. Code, Ann., § 12-504; Kline v. Shoup, 35 Idaho 527, 531, 207 P. 584), and did not waive its right of removal. Remington v. Central Pacific R. Co., 198 U.S. 95, 25 S.Ct. 577, 49 L.Ed. 959. The objection that the authority of the attorney to sign the bond for appellee did not appear, being an objection to form and not of substance, is obviated by the authorization filed subsequently, but prior to the order of removal, because we must consider the bond as amended. 28 U.S.C.A. § 777; Kinney v. Columbia Savings etc. Ass'n, 191 U.S. 78, 82, 24 S.Ct. 30, 48 L. Ed. 103.

■ 1 Ida. Code, Ann., § 7-801, prescribes the instances when "Judgment may be had, if the defendant fail to answer the complaint". A "special appearance and motion to quash the service of summons is an answer within the meaning of" that statute, and therefore the default was improperly entered while the motion to quash was pending. Central Deep Creek Orchard Co. v. C. C. Taft Co., 34 Idaho 458, 467, 202 P. 1062, 1065. Likewise, appellee had complied with Judicial Code, § 29, 28 U.S.C.A. § 72, by filing the motion to quash, because the word "plead" in that section includes "a plea to the jurisdiction". Cain v. Commercial Publishing Co., 232 U.S. 124, 133, 134, 34 S.Ct. 284, 287, 58 L.Ed. 534. Appellee's motion to set aside the default did not constitute a general appearance. Central Deep Creek Orchard Co. v. C. C. Taft Co., supra, page 466, 202 P. 1062; and see 1 Ida. Code, Ann., § 12-504; Kline v. Shoup, supra.

■ The validity of the service, which was not waived by removal (Morris & Co. v. Ins. Co., 279 U.S. 405, 409, 49 S.Ct. 360, 73 L.Ed. 762), is dependent upon whether or not appellee was "doing business" in Idaho at the time of service. 1 Ida. Code, Ann., § 5-507. Appellant's evidence of such fact is not inconsistent with, but is actually explained by, that of appellee. It appears without conflict, that the acts of Lewis were done on behalf of Huron Holding Corporation, and not for appellee, after February 9, 1932. There being no other evidence that appellee was doing business in Idaho, the motion to quash the service was properly granted. See Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113; Toledo Railways & Light Co. v. Hill, 244 U.S. 49, 37 S.Ct. 591, 61 L.Ed. 982; Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 441, 30 S.Ct. 125, 54 L.Ed. 272.

■ Appellant vigorously contends that the court erred in dismissing the action. Judicial Code, § 37, 28 U.S.C.A. § 80, provides in part: "If in any suit * * * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court * * * the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

It is clear that dismissal has been approved. Wabash Western Railway v. Brow, 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431; Remington v. Central Pacific R. Co., supra; Mechanical Appliance Co. v. Castleman, supra. On the other hand, remand has also been approved. Employers Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289. As said in the latter case, (page 382, 57 S.Ct. page 277), "Making the required selection involves discretion—judicial discretion, not mere choice." In addition, the Act of April 16, 1920, Ch. 146, 41 Stat. 554, 28 U.S.C.A. § 83, indicates that opportunity should be given to obtain service. Maichok v. Bertha-Consumers Co., 6 Cir., 25 F.2d 257, 258. Here, such opportunity was given. There was nothing to show that service might soon be had, or that the situation would change. Appellant simply says that if the cause were remanded, the state court might hold such a service valid, a contention which, we think, is untenable. We believe the state court would hold as the court below held, if that fact is material here. We hold that the court below did not abuse its discretion in dismissing the cause. Employers Corp. v. Bryant, supra, differs from the case here in that there, service was assured after remand, and was impossible before. Here service may be obtained in

one court as easily as the other. There is no assurance of service after remand.

Affirmed.