(March 20, 1922.)

## C. A. ROBINSON, Appellant, v. EARL FRUIT COMPANY OF THE NORTHWEST, Respondent.

[204 Pac. 534.]

DEFAULT JUDGMENT — ENTRY OF — SETTING ASIDE — PENDENCY OF MOTION—WHAT MOTIONS PREVENT DEFAULT—WHAT MOTIONS DO NOT.

1. The pendency of a motion prevents the entry of a valid default, if its determination would affect the right of the adverse party to proceed with the action.

2. The pendency of a motion does not prevent the entry of a valid default, if its determination would not affect the right of the adverse party to proceed with the action.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action for debt. Order setting aside default and judgment. *Affirmed.*

John W. Graham, E. M. Wolfe and J. F. Martin, for Appellant.

Defendant's motion to strike complaint and motion to dismiss did not stay the running of time in which to file and serve answer to amended complaint. (C. S., secs. 6672, 6691, 6832, 7202; *Harn v. Amazon Fire Ins. Co.* (Okl.), 167 Pac. 473; *Greenfield v. Wallace,* 1 Utah, 188, 190; note, 47 L. R. A., N. S., 854; *Esden v. May,* 36 Nev. 611, 135 Pac.

Publisher's Note.

1. Right to take judgment by default when motion by defendant is pending, see note in **Ann. Cas. 1913E,** 331.

1185; *Shinn v. Cummins,* 65 Cal. 97, 3 Pac. 133; *McDonald v. Swett,* 76 Cal. 259, 18 Pac. 324; *Naderhoff v. Geo. Benz & Sons,* 25 N. D. 165, 141 N. W. 501, 47 L. R. A., N. S., 853.)

William P. Guthrie and Chas. M. Kahn, for Respondent.

Motions addressed to the complaint, such as motions to strike complaint from files and to strike out parts of the complaint, extend the time in which default can be entered. (*Atchison, T. & S. F. Ry. Co. v. Lambert,* 31 Okl. 300, Ann. Cas. 1913E, 329, 121 Pac. 654; sec. 7194, C. S.; *St. Louis & S. F. R. Co. v. Young,* 35 Okl. 521, 130 Pac. 911; *Young v. Lynch,* 66 Wis. 514, 29 N. W. 224; *Smith v. Clyne,* 16 Ida. 466, 101 Pac. 819; *Washington County Land & Development Co. v. Weiser Nat. Bank,* 26 Ida. 717, 146 Pac. 116; *Nuestel v. Spokane etc. Ry. Co.,* 27 Ida. 367, 149 Pac. 462.)

McCARTHY, J.—On May 21, 1918, appellant commenced action in the district court for Twin Falls county against respondent. June 10, 1918, respondent's demurrer to the complaint was confessed by appellant, who was given ten days to file an amended complaint. Nothing further was done until May 15, 1920, when a new attorney for appellant was substituted, and the court, by an *ex parte* order, permitted the filing of an amended complaint. This was served by mail on respondent's attorney, who refused to admit service. May 19, 1920, respondent filed a motion to strike the amended complaint on the ground that it was not filed within the time granted by the court, or any extension, and also a motion to dismiss the action for lack of prosecution. Despite vigorous efforts, respondent was unable to obtain a hearing on these motions. June 7, 1920, the clerk entered respondent's default for failure to answer the amended complaint, and on June 11, 1920, he entered judgment for appellant and against respondent. Respondent made a motion to set aside the default and judgment, which was granted by the court. From the order to this effect this appeal is prosecuted.

This court has held: "A plaintiff in an action is not entitled to take a judgment by default where a proper motion by defendant is still before the court undisposed of, unless the determination of the motion either way would not affect the right of the plaintiff to proceed with the action." (*Central Deep Creek Orchard Co. v. C. C. Taft Co.*, 34 Ida. 458, 202 Pac. 1062.)

The motion in that case was one to quash the service of summons. However, the rule is not confined to that character of motion. It includes any motion the determination of which would affect the right of the adverse party to proceed with the action, and the pendency of such a motion prevents the entry of a default. On the other hand it does not include all motions. If the motion is of such a character that the determination of it would not affect the adverse party's right to proceed with the action, its pendency does not prevent the entry of default. Examples of the latter sort of motion are those which affect purely ancillary or incidental matters, and not the right to proceed with the main cause of action.

Let us apply the rule above stated to the facts of the present case. Respondent had the right to a ruling of the court upon the question whether appellant should be permitted to file the amended complaint, long after the time granted, or whether his right to proceed with the action had been lost by failure to prosecute it. The motions filed constituted a proper method of raising this question. If the motions had been granted this would have ended the action. The motions thus affected the right of appellant to proceed with the action. They therefore fell within the rule above announced, and prevented the entry of a valid default.

The order appealed from is affirmed, with costs to respondent.

Rice, C. J., and Budge and Lee, JJ., concur.

DUNN, J.—I concur in the conclusion reached, but not on the grounds stated in the opinion.