(April 4, 1924.)

In the Matter of the Petitions of MELVIN SMITH et al. to Detach Certain Lands from the Village of Middleton, County of Canyon.

[225 Pac. 495.]

PLEADINGS AND PRACTICE—MUNICIPAL CORPORATIONS—DETACHING AGRICULTURAL LANDS THEREFROM.

1. Where the owners of land within the corporate limits of a municipality, claiming it to be agricultural in character, petition the district court under the provisions of C. S., secs. 4101 to 4105, to have the same detached, and the municipality files a demurrer, a motion to dismiss the petition, and later a protest thereto, such pleadings should be considered and not stricken from the files or denied because the protest was not filed within two days of the time fixed for hearing on such petition.

2. C. S., sec. 4102, which provides that objection to a petition to detach lands from the corporate limits of a municipality may be filed two days before the time fixed for the hearing, is directory; and a judgment detaching such lands cannot be taken against the municipality where it has filed pleadings challenging the sufficiency of the petition and of the service of the same, until the sufficiency of such pleadings has been determined.

3. Under the procedure provided for in C. S., secs. 4101 to 4105, where a protestant has filed a motion to dismiss the petition, a general and special demurrer and a protest, even though the latter pleading was not filed two days before the day set for the hearing on the petition, the court had jurisdiction to hear the issues tendered by such pleadings and cannot properly strike or dismiss the same and default protestant because it did not file its protest two days before the time fixed for the hearing.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to detach agricultural lands from a municipality. Judgment for petitioners. *Reversed.*

Buckner & Warren, for Appellants.

The pendency of a motion prevents the entry of a valid default if its determination would affect the right of the

adverse party to proceed with the action. (*Robinson v. Earl Fruit Co.*, 35 Ida. 254, 204 Pac. 534; *Central Deep Creek Orchard Co. v. C. C. Taft Co.*, 34 Ida. 458, 202 Pac. 1062; *Smith v. Clyne*, 16 Ida. 466, 101 Pac. 819; *Culver v. Mountain Home Electric Co.*, 17 Ida. 669, 107 Pac. 65; *Oliphant v. Whitney*, 34 Cal. 25.)

A special appearance and motion to quash the service of summons is an answer within the meaning of C. S., sec. 6832. (*Central Deep Creek Orchard Co. v. C. C. Taft Co.*, *supra; Smith v. Clyne, supra; Elliott v. Wirth*, 34 Ida. 797, 198 Pac. 757, and cases therein cited.)

A motion questioning the service of the notice of protest raises a question of law and the court should dispose of it before entering a default. (*Robinson v. Earl Fruit Co.*, *supra; Central Deep Creek Orchard Co. v. C. C. Taft Co.*, *supra.*)

Stone & Jackson, for Respondents.

"On appeal or writ of error to review proceedings for the annexation or detachment of territory to or from a municipal corporation the decision of the lower court or board will be reversed if it does not appear from the record that the statute was complied with in jurisdictional matters." (38 Cyc. 208; *City of Seward v. Conroy*, 33 Neb. 430, 50 N. W. 329.)

WILLIAM A. LEE, J.—The petition of Melvin Smith et al. to detach certain lands from the village of Middleton, in Canyon county, was filed in the district court on December 5, 1921, and the court fixed as the date for hearing said petition, January 18, 1922. On January 14th a motion was filed on behalf of the village to dismiss the petition on the ground that it had not been served as provided by C. S., sec. 4102, and that a notice stating the time and place of hearing had not been published as required by said section.

On January 17th, protestant village filed a general and special demurrer to the petition and also a protest denying

the material allegations and moved that the petition to detach be denied.

On January 18th, petitioners filed three separate motions, the first to strike protestant's demurrer, the second to strike the protest, and the third to strike the motion to dismiss the petition, these several motions all being based upon the ground that the pleadings mentioned had not been filed in time. On the same day it having been stipulated by counsel that these motions should be disposed of before the taking of testimony was commenced, the court ordered that the demurrer and protest filed by the village of Middleton be stricken from the files for the reason that said demurrer and protest were not filed with the clerk two days before the time set for the hearing of the petition. The motion filed by the village to dismiss the petition on the ground of defective service of notice at the time of the hearing of such motions was denied. It was ordered that further proceedings and the taking of testimony be had at the village of Middleton on January 25th, at which time the respective parties appeared, whereupon counsel for the protestant village objected to any testimony being taken which objection was overruled. The judgment then recites that due service of the petitioners' notice of hearing had been duly and regularly made in accordance with the statutes and that no protest or objection to the detachment of lands, described in the petition, from the corporate limits of the village of Middleton, having been filed or made by the defendant village or by any person whatever, as required by the statutes, the court proceeded to hear the evidence submitted on the part of petitioners and ordered and adjudged that petitioners and each of them have judgment, for the detachment of the lands, described in the petition, from the corporate limits of the said village. From this judgment the village appeals.

The sole error complained of is the action of the court in striking the demurrer and protest from the files, and granting judgment by default. This action of the court is based upon the theory that under the provisions of C. S., sec.

4102, neither the demurrer nor protest was filed with the clerk of the court at least two days before the day set for the hearing of the petition. While it is true the statute provides that the protest to the granting of the prayer of the petition may be filed with the clerk at least two days before the day set for the hearing, this provision is directory and not mandatory, and if the demurrer or written protest was on file prior to the day set for the hearing and prior to default having been entered, the protestants were within time and were entitled to be heard and to have the court pass upon the questions raised by the demurrer and to be heard upon the issues raised by the petition and the protest thereto, the petition being in the nature of a complaint and the protest in the nature of an answer. The demurrer raised questions of law and should have been passed upon by the court prior to a hearing upon the merits.

"A plaintiff in an action is not entitled to take a judgment by default where a proper motion by defendant is still before the court undisposed of unless the determination of the motion either way would not affect the right of this plaintiff to proceed with the action." (*Central Deep Creek Orchard Co. v. Taft*, 34 Ida. 458, 202 Pac. 1062.) In commenting on this holding in *Robinson v. Earl Fruit Co.*, 35 Ida. 254, 204 Pac. 534, this court said: "The motion in that case was one to quash the service of summons. However, the rule is not confined to that character of motion. It includes any motion the determination of which would affect the right of the adverse party to proceed with the action, and the pendency of such a motion prevents the entry of a default."

Respondent contends that the ordinary rules of procedure do not apply to the special proceedings provided by the statutes. C. S., sec. 4102, provides: " . . . . that any person desiring to protest or object to the granting of the prayer of said petition may do so by filing with the clerk of said court at least two days before the day set for the hearing of said petition his objections or protests in writing. . . . . " It is urged by respondent that the only pleading

admissible for any purpose under this section is the protest. We have held that: "A special appearance and motion to quash the service of summons meets the requirements of an answer within the meaning of C. S., sec. 6832, and that during the pendency of such motion the defendant is not in default." (*Central Deep Creek Orchard Co. v. Taft, supra.*) Under the procedure provided for in C. S., secs. 4101 to 4105, to separate agricultural lands from municipalities, where the municipality has filed a motion to dismiss the petition, a general and special demurrer, and a protest on behalf of the corporation, even though the latter pleading was not filed two days before the day fixed for the hearing on the petition, the court has jurisdiction to hear the issues tendered by such pleadings and cannot properly strike or dismiss the same and default the municipality because it did not file its protest two days before the time fixed for the hearing.

Appellant's motion to dismiss questions the jurisdiction of the court over the subject matter of the case itself. This motion was a proper motion and had the court sustained this motion it would have resulted in a dismissal of the petition. Such a ruling would certainly affect the right of petitioners to proceed with their action.

A judgment by default is one taken against a defendant who has been duly summoned or cited in an action and has failed to appear. The distinguishing feature of a default judgment is that it follows from the omission of a defendant to appear. The rule is firmly established that when an answer or other pleading of a defendant has raised an issue of law or fact, a judgment by default cannot be entered against him. (Black on Judgments, vol. 1, 2d ed., sec. 80, p. 111.) We believe appellant's motion properly raised an issue for the court to decide.

If the motion to dismiss raised a question of law, then appellant was entitled to have such issue disposed of before a default judgment could be entered against it. This special appearance stayed the time for filing a pleading that tendered an issue as prescribed by C. S., sec. 4102, until

such a time as this motion had been disposed of, and default could not be taken while the issue it tendered had not been disposed of. The court was in error in striking any of the pleadings that tendered an issue of law or fact from the files and in rendering judgment against the village of Middleton upon default.

The judgment is reversed, with instructions to reinstate the stricken pleadings and hear them on their merits. Costs awarded to appellant.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.