DALTON *et al. v.* RHODES MOTOR CO.*

(Division B.   March 4, 1929.)

[120 So. 821.   No. 27611.]

---

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 3251, p. 1206, n. 19; Judgments, 34CJ, section 382, p. 169, n. 71; p. 170, n. 74; On the rule as to right to enter judgment by default during pendency of motion undisposed of, see 15 R. C. L. 666.

*Z. A. Brantley,* for appellants.

*R. W. Boydstun,* for appellee.

GRIFFITH, J. On June 12, 1926, appellee filed its declaration in debt against appellants, and also against M. M. Wilson, in two counts, one on a promissory note, and the other on an open account. On December 14, 1927, the circuit court being then in session, appellants filed the following sworn plea: "Come the defendants, W. T. Dalton and H. L. Trest, and state to the court that they were duly adjudged bankrupts in the year 1926, and that the above styled claim is now pending in the bankrupt court at Aberdeen, Miss. And that defendants Dalton and Trest have been duly and legally discharged from said bankrupt court. And of this statement defendants stand ready to verify."

On the next day, December 15, 1927, without any steps whatever having been taken to dispose of the purported plea filed the day before, appellee took a judgment by default; the judgment containing the usual recitals of service of process, of failure to plead, that defendants have been called three times, but come not.

A judgment by default or *nil dicit* cannot be taken against a defendant while a plea remains on file and not disposed of. This rule applies even though defendants' pleading is filed out of time, or is defective in form or substance, unless it is such that it may be treated as a mere nullity. See 34 C. J., 169, 170, and the numerous cases cited under section 382, K (1). So far as we can

find, there has been no attempt made to define precisely what is a nullity in pleading; but we think an approximate statement is that a null plea is one so void of substance that it cannot, within the rules governing amendments, be cured by amendment. Tested by this statement, the plea above set out is not a nullity, and therefore it was error to wholly disregard it, and give a judgment by default without first disposing of it.

The defendant Wilson was duly served with process. The liability charged by the declaration was joint and several as to all three of the defendants. Wilson filed no plea, and has not appealed. The reversal now ordered will therefore not affect the judgment so far as concerns the said Wilson. *Bank of Philadelphia* v. *Posey,* 130 Miss. 530, 92 So. 840.

Reversed and remanded as to appellants Dalton and Trest.

*Reversed and remanded.*