(No. 6412.   May 5, 1937.)

UNITED STATES BUILDING & LOAN ASSOCIA-
TION, a Corporation, Appellant, v. H. W. SOULE, *Alias*
HENRY SOULE and Wife, ALICE C. SOULE, F. L.
SOULE and Wife, MRS. F. L. SOULE, ARTEL ORME
and Wife, MRS. ARTEL ORME, Respondents.

[68 Pac. (2d) 40.]

A. A. Merrill, for Appellant.

Wilkie & Wilkie and H. W. Soule, for Respondents.

GIVENS, J.—February 17, 1928, respondents H. W. Soule and Alice C. Soule, husband and wife, executed a $1,000 real estate mortgage to appellant. August 15, 1934, appellant filed foreclosure proceedings, summons was served August 21, 1934, on all respondents except Mrs. H. W. Soule, i. e., Alice C. Soule, whom the decree recites was served by publication. September 12, 1934, H. W. Soule filed a demurrer to the complaint, and states with regard to service thereof:

" . . . . and this affiant says that on or about the 12th day of September, 1934, he filed his general demurrer to Plaintiff's complaint by and through his attorney, F. L. Soule, of St. Anthony, Idaho, and at the time of filing the said demurrer, no default nor judgment had been entered and was not so entered until the 18th day of December, 1934; that said demurrer was on file undisposed of at the time of the entry of the alleged default and when the said alleged decree was entered. That affiant mailed a copy of said demurrer to A. A. Merrill, attorney for plaintiff, at Idaho Falls, Idaho, with postage fully prepaid at the time the same was mailed as aforesaid."

A. A. Merrill, one of the attorneys for appellant makes affidavit to the effect that he never received the demurrer.

The above showing on the part of respondent H. W. Soule is thus indefinite and only inferentially states or indicates when the demurrer was served inasmuch as there is no date of *mailing* "aforesaid" set forth in the affidavit. The trial court however evidently proceeded upon the theory that the demurrer was served and we may so assume herein without thus deciding.

December 18, 1934, default of all defendants was entered and a decree of foreclosure rendered as to all defendants:

" . . . . against the defendant, H. W. Soule, otherwise known as Henry W. Soule, and in foreclosure against the defendant, Alice C. Soule, for the sum of $1304.58 and plaintiff's costs . . . .

"That the defendants herein, and each and all of them . . . . be forever barred and foreclosed of all right, claim or equity in and to the mortgaged premises and every part and portion thereof. . . . . "

with a deficiency against respondent H. W. Soule which appellant acknowledged as satisfied on May 5, 1936. Execution was issued December 18, 1934. January 22, 1935, on execution sale, Sheriff's Certificate of Sale was issued to appellant, and on January 25, 1936, a Sheriff's Deed on Foreclosure was issued to appellant. February 26, 1935, demand was made of H. W. Soule and Alice C. Soule, his wife, for possession of the premises, and upon refusal appellant filed its amended petition for a writ of assistance on April 18, 1936. An answer thereto was filed May 8, 1936, together with supporting affidavits alleging that since a demurrer was on file, undisposed of, at the time the default judgment was entered it was void. The appeal herein is from an order, August 13, 1936, denying the writ.

Respondents take the position that the judgment was void and may be attacked by what they concede to be the collateral proceedings herein. Appellant urges that the judgment was only voidable and not subject to collateral attack, and the showing for relief therefore insufficient.

The authorities cited by counsel for appellant and respondents do not exactly cover the instant situation, holding generally that judgment by default should not be rendered against a defendant who has filed a demurrer to the complaint where

it remains undisposed of; that a premature entry of judgment before time to answer has expired is void; and others that it is voidable.

The better reasoned rule is well stated in *McIntosh v. Munson Road Machinery Co.*, 167 Miss. 546, 145 So. 731, at 733, under a situation almost identical to the one herein:

"On appeal, this court has uniformly held that judgments by default, rendered when there is a plea on file, which plea is not a nullity, are erroneous, and many cases have been reversed for that reason. Beginning with the case of *Dean v. McKinstry*, 2 Smedes & M. 213, and ending with the case of *Dalton et al. v. Rhodes Motor Co.*, 153 Miss. 51, 120 So. 821, this court has announced the rule that a judgment by default, rendered at a time when a plea is on file, even though it was defective, is an erroneous judgment, and, for that reason, the case would be reversed.

"There seems to be no exception to this rule in the various appellate courts throughout the country. But our attention has not been called to a single case in which a judgment has been condemned as absolutely void. It may be that such a judgment might be vacated, as having been rendered through mistake, in a court of equity; but, where a court has jurisdiction of the subject-matter and of the parties, and renders a judgment at a term of court, it is without power to set aside such judgment after the term of court has elapsed (citing cases).

"In the case at bar it will be noted that the court distinctly found that no plea was on file, and so recited in the judgment. In other words, the judgment contained everything necessary to show jurisdiction of the court and proper rendition of the judgment.

"But it may be said that the court erroneously found a fact to exist which was not true, as now disclosed. Then, if that be true, the court erroneously decided, as a matter of law, that it could render a judgment by default while a plea, good in form, was on file. That was an error of law that did not involve the jurisdiction of the court as to the subject-matter and the persons, and it would not render such judgment by default void."

Likewise the Alabama court said in *Endowment Department, etc., G. U. O. O. F., v. Harvey,* 6 Ala. App. 239, 60 So. 602 at 604:

"As to the second proposition; the fact that the court rendered judgment by default against defendant when demurrers were on file, while error, yet does not render the judgment void, and the error cannot be corrected by common-law *certiorari.* Appeal is the proper remedy for this, as decided in *Ex parte Haynes,* 140 Ala. 196, 198, 37 So. 286. . . . . "

To the same effect, where pleadings were on file, see *Gray v. Hall,* 203 Cal. 306, 265 Pac. 246, distinguished and sustained on this point in *Baird v. Smith,* 216 Cal. 408, 14 Pac. (2d) 749 at 751, which also distinguishes by its reasoning the cases cited by respondents on this point; *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158 at 1160, and cases there cited.

Although this court in *Smith v. Clyne,* 16 Ida. 466, 101 Pac. 819, did not pass upon whether a default judgment entered while a demurrer was on file was void or voidable, it did say:

" . . . . It was the defendant's duty, after filing the demurrer and motion, to have the same set for hearing and disposed of, and if the defendant desired to answer, he should have applied to the court for leave to answer. . . . . "

and the most that our court has said of such a default judgment entered while a pleading was on file undisposed of, is that it is "erroneous" (all the cases being upon direct appeal, not collateral attack as herein). (*Smith v. Clyne, supra; Culver v. Mountain Home Elec. Co.,* 17 Ida. 669, 107 Pac. 65; *Kerney v. Hatfield,* 30 Ida. 90, 162 Pac. 1077; *Central Deep Creek Orchard Co. v. C. C. Taft Co.,* 34 Ida. 458, 202 Pac. 1062; *In re Smith,* 38 Ida. 746, 225 Pac. 495.)

The case of *Edenfield v. Seal Co.,* 74 Mont. 509, 241 Pac. 227, is contrary to our views and the cases cited *supra,* and states that the judgment is void, although such a statement was unnecessary to a determination of that case because the proceedings there were upon direct appeal. *Edenfield v. Seal Co., supra,* cites as sustaining its statement, or *dictum,* 15 R. C. L., p. 665. The statement therein at note 13 is as follows:

" . . . . A judgment by default is ordinarily illegal and void if entered after defendant has appeared and pleaded." and the cases of *Logan v. Moulder,* 1 Ark. 313, 33 Am. Dec. 338 and *Harris v. Muskingum Mfg. Co.,* 4 Blackf. (Ind.) 267, 29 Am. Dec. 372, are cited. *Logan v. Moulder, supra,* does hold such a judgment "illegal," and *Harris v. Muskingum Mfg. Co., supra,* holds that such a default judgment should not be entered while a pleading is on file undisposed of. Other cases cited under the supplemental annotations to the above note in 15 R. C. L., p. 665, hold such judgments voidable or that such judgments should not be entered.

*Edenfield v. Seal Co., supra,* has not been cited with approval on this particular holding, and in fact was omitted from the citation of authority in *Taylor v. Southwick,* 78 Mont. 329, 253 Pac. 889 at 890, holding a "judgment was prematurely entered, and is therefore a nullity." This case relied upon *Batchoff v. Butte Pac. Copper Co.,* 60 Mont. 179, 198 Pac. 132, for authority for the above holding, and is also cited by appellant herein as authority for its position. In the Batchoff case, upon the first hearing thereof, the court held the default was prematurely entered, was without jurisdiction, and the judgment which followed was likewise without jurisdiction and void. Upon a rehearing of the case, the court reversed itself, and said:

"While under the facts stated in the opinion it was error to prematurely enter the judgment, yet such entry was not without jurisdiction, but was error within jurisdiction. It was voidable but not void."

In view of this state of the cases in Montana, we cannot consider *Edenfield v. Seal Co., supra,* as authority militating against our holding.

▮ The trial court having jurisdiction of the parties, subject matter and the issues, and though because of the pending demurrer it acted erroneously in entering judgment, such judgment was merely voidable, not void.

Being a collateral attack, the showing on the part of respondents was not in time, I. C. A., sec. 5–905, and is insufficient, (*Nixon v. Tongren,* 33 Ida. 287, 193 Pac. 731; *Commonwealth Trust Co. v. Lorain,* 43 Ida. 784, 255 Pac. 909; *McAllister v. Erickson,* 45 Ida. 211, 261 Pac. 242; *Oc-*

*cidental Life Ins. Co. v. Niendorf,* 55 Ida. 521, 44 Pac. (2d) 1099.)

In view of the conclusion herein it is unnecessary to consider other points raised by appellant.

The order denying the writ of assistance is reversed and set aside. Costs to appellant.

Morgan, C. J., Holden and Ailshie, JJ., concur.