(No. 6770.   June 29, 1940.)

K. W. KIVETT, Respondent, v. CLAUDE CROUCH, Appellant.

[104 Pac. (2d) 21.]

Smith & Ewing and J. F. Cromwell, for Appellant.

538

Earl E. Garrity, for Respondent.

MORGAN, J.—This is an appeal from a judgment by default and from an order overruling a motion to vacate and set aside the default, the judgment and the writ of execution issued thereon, and to permit defendant to answer the complaint. The question presented is: Did the district judge commit a breach of judicial discretion in overruling the motion?

The jurisdiction of the court to enter the judgment has not been questioned on this appeal. The record shows the summons was served on appellant in Grant County, Oregon, August 9, 1939. The undisputed affidavit of Stewart S. Maxey, one of appellant's attorneys in the district court, filed in support of the motion to vacate, contains the following:

"That after said service, this affiant, accompanied by associate counsel, Laurence N. Smith, made a careful examination of the records and files of this court in relation to this case and in particular the clerk's register of actions. That affiant and his associate were unable to find any affidavit on behalf of plaintiff or any order of this court for constructive service herein and so notified their client, the said defendant, Claude Crouch.

"Deeming said constructive service void as shown by the only records of this court relating to this suit and that plaintiff intended to try the controversy between the parties in the Oregon court in which plaintiff had first filed suit, both plaintiff and defendant being residents of the State of Oregon, affiant and his associate did not join issue in the Idaho case.

"That affiant and his associate counsel repeatedly thereafter and not less than two or three times per week, searched said records and files to determine whether or not further proceedings had been taken or entries made or documents filed therein, but none were found.

"After plaintiff had entered default, taken judgment and caused a writ of execution to issue, affiant and his associate appeared specially on September 25th, 1939, by motion to vacate the same, as shown by the files herein. They first learned to their surprise on the 26th day of September, 1939, that an order for constructive service based on an affidavit had been duly made by the clerk of this court preceding service on defendant outside the state but that the clerk of this court or one of his deputies, by neglect or mistake had failed to make docket entries thereof or to file said order and affidavit in the files of this case and had in fact, filed said papers in another unrelated case, where he and his deputies were themselves unable to locate said documents until after an arduous search of all the court's records made at the request of the presiding judge of this court. . . . .

"WHEREFORE, Plaintiff prays that the court, taking account of the surprise of defendant, misled by the mistake of the clerk of this court, in the interest of equity and justice, vacate the default heretofore entered against defendant, vacate the judgment entered therein, vacate, quash or stay the writ of execution heretofore issued, and permit the defendant to appear herein and file his answer herewith tendered, so that said cause may be tried and determined on its merits."

The motion was accompanied by a proposed answer showing appellant had a good defense to respondent's cause of action for $1,696.45 save and except her claim for $233.40 thereof.

The record shows respondent filed a complaint in the Circuit Court in Oregon on the cause of action stated in the complaint thereafter filed by her in this case. Appellant answered in the Oregon case and it was pending on complaint and answer when the default and judgment were entered in this case.

Upon the filing of the complaint herein counsel for respondent made and caused to be filed an affidavit in support of an *ex parte* application for an order authorizing the service of summons on appellant outside the state. The order was made by a deputy clerk of the district court, who, by mistake, and without fault of appellant or his attorneys, filed the affidavit and order in another case than this, and entered them in the register of actions as having been filed in the other case. Because of this mistake of the deputy clerk the searches and examinations of the record, as above set out, made by counsel for appellant, failed to disclose the existence of the affidavit or order, or that they had been made or filed.

I. C. A., section 5–905 contains the following:

"The court may, . . . . relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; . . . . Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, . . . . shall, . . . . set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100.00."

The condition of the record, prior to and at the time the default judgment was entered, justified counsel for appellant in their opinion that the service of the summons was void because of lack of affidavit and order for service outside the state, which had been made and so improperly filed that they could not be found by an examination of the records and files of the action.

It has been suggested that if appellant desired to take advantage of any defect in the order, or failure to make an order, he might have moved to quash the service which motion would have extended his time for answer until the motion was disposed of. It is true, he might have moved to quash

the service, but, in the light of what was discovered when he moved to set aside the judgment, his motion to quash the service would have been overruled, properly, because service of the summons had been made correctly. In view of the state of the record, as it existed prior to and at the time the default judgment was entered, there was no more reason for counsel to move to quash the service of the summons than there was for him to demur to the complaint or answer it. Either course would have prevented the entry of default and judgment.

The part of section 5–905 which relates to the neglect or failure of an attorney to file or serve a paper within the time limited therefor, and which provides for penalizing the attorney for negligence, has no application to the facts of this case. There is no evidence of negligence on the part of appellant's attorneys. The condition of the record justified them in pursuing the course they followed. It appeared from the face of the record, on very careful investigation and scrutiny made, that service of the summons on their client was void and if judgment by default be taken against him it would be set aside on motion. There was nothing to arouse suspicion that an affidavit and order for substituted service had been filed. The record appeared to show, conclusively, to the contrary.

Counsel for appellant had a right to rely on the record of the court made in this case wherein their client was a litigant. Without fault on their part, they were misled by the record into permitting a default judgment to be taken against him and they made a timely motion to vacate the judgment and default, supported by an adequate showing of facts constituting the reason for the default, and that their client had a good and meritorious defense to the action. It was an abuse of judicial discretion to deny it.

The judgment and order appealed from are reversed. Costs are awarded to appellant.

Budge, Givens and Holden, JJ., concur.

AILSHIE, C. J. (Concurring in Conclusion).—This action was instituted August 4, 1939, to recover the sum of $1,696.45.

with interest at 6% representing the amount expended by Robert N. Stanfield for feeding certain cattle belonging to appellant. Respondent is assignee of the contract with appellant. On the date of filing complaint, writ of attachment issued against appellant's property, and property was attached to satisfy respondent's demand. Return by sheriff was made August 5th. Appellant being a resident of Oregon, order issued August 7th from the district court directing service of summons outside the state. August 8th summons was served on appellant in the state of Oregon.

September 23, 1939, plaintiff (respondent here) appeared by counsel, no appearance having been made by defendant (appellant) in person or by attorney; whereupon default of defendant was entered and judgment was taken against him. September 25th defendant filed motion to vacate and set aside "the alleged or pretended service of summons and complaint upon said defendant," on the grounds:

"that an affidavit for the service of said summons, either by publication or personally, outside the State of Idaho was not made and filed in said action, nor was an order of the court made and filed authorizing the service of said summons outside the State of Idaho in lieu of such publication as required by section 5-508, Idaho Code Annotated, 1932."

September 25th the motion was heard by the court, plaintiff and defendant both being represented by their respective counsel. In reply to the motion, counsel for plaintiff asserted that an affidavit for service of summons outside the state had been made and filed and that an order had been entered directing such service. However, there was no notation of any such affidavit or order on the register of actions, nor were they among the files of the case. The court ordered a search of the files of the clerk's office, to ascertain if they could be found, and the following day they were found among the files in another case, in which it appeared that the affidavit had been placed by inadvertence of the deputy clerk, prior to the service of the summons, and that proper order had been made thereon. Thereafter and on September 27th, counsel for defendant filed a further motion to set aside the judgment and default and to permit defendant to answer and accompanied the application by affidavit and a proffered an-

swer to the complaint. Defendant's attorneys (who are not the same ones who appear for him in this court) set forth in their affidavit, that they repeatedly went to the clerk's office and examined the register of actions and the files in the case, to ascertain whether affidavit and order for service of summons outside the state had been made, but found no evidence whatever of such affidavit or order and so assumed that none had been made. After a hearing thereon, the trial court denied the motion and this appeal is from the order overruling motion to vacate and set aside the judgment and default.

Here the actual personal service had been made outside the state and this fact is admitted by appellant. The order for substituted service or personal service outside the state had also been made. The only cause of complaint is that the order for substituted service and the affidavit were not on file, and were not known to appellant. They were actually lodged with the clerk but were not among the files in this particular case.

It is well settled that ''It is the service, and not the proof thereof, that gives the court jurisdiction.'' (*Blandy v. Modern Box Mfg. Co.*, 40 Ida. 356, 232 Pac. 1095, and other cases therein cited.) The court had jurisdiction to enter the judgment.

Appellant knew that he had been served with summons, and this constituted *prima facie* notice that an order had been made for the service. (See *American Fruit Growers, Inc., v. Walmstad*, 44 Ida. 786, 260 Pac. 168.) He acted upon such service and employed counsel. If his counsel wanted to take advantage of any defect in the order *or failure to make an order*, he might have moved to quash the service, which motion would have automatically extended his time for answer until the motion was disposed of. (See *Central Deep Creek Orchard Co. v. Taft Co.*, 34 Ida. 458, 466, 202 Pac. 1062, and cases cited; *Robinson v. Earl Fruit Co. of the Northwest*, 35 Ida. 254, 204 Pac. 534, approved in *In re Smith*, 38 Ida. 746, at 749, 225 Pac. 495.) Under the statute, sec. 5–905, I. C. A.. a motion to open a default and vacate a judgment in certain specified cases is addressed to the discretion of the trial court; and that means a reasonable and just judicial

discretion, rather than arbitrary or oppressive. (*Dellwo v. Petersen*, 34 Ida. 697, 203 Pac. 472.) This, however, is not the kind of case under sec. 5–905 that falls within the *discretionary* powers of the court.

Appellant's contention here, for a reversal, is stated by his counsel as follows:

"The appellant contends: That the failure of the trial court to set aside the default and judgment in the instant case was an abuse of discretion and contrary to the principles of law as followed by this and other jurisdictions, in that the motion and affidavits filed and the records and files in the case show that the legal representatives of the appellant relied upon the records of said court and were misled thereby and that such reliance was such a mistake of fact that it was the duty of the trial court to set aside the default and judgment on the grounds that they had been taken *through the mistake, inadvertence, surprise, or excusable neglect of the appellant's legal representatives.*" (Italics supplied.)

Clearly the *defendant* himself was guilty of no negligence or inadvertence; he employed counsel and entrusted him with his defense. Whatever failure there was to act was "failure" of his attorney and not of appellant. His attorney, however, was misled by the failure of either the register of actions or the files in the case, to in any way or manner disclose that an order for service had been made, and therefore assuming no order had been made. At the same time, counsel was guilty "of failure . . . . to file or serve" a motion to quash service of summons prior to the expiration of the time allowed for appearance and answer which would have prevented a default.

The register of actions showed the filing of an undertaking for attachment, affidavit for attachment, the issuance of writ of attachment, all of which were among the files in the case, together with the sheriff's return on attachment showing the levy of the writ and that the sheriff had taken in his possession thereunder the sum of $1,352.35, cash belonging to the defendant, all furnishing convincing evidence that plaintiff was intending to proceed under this substituted service.

Under the statute (sec. 5–905, as amended by chap. 235 of the 1921 Sess. Laws, p. 526), it is provided that,

"Whenever any judgment, order or proceeding is taken against a party *otherwise without default,* through the neglect or *failure of any attorney of such party to file or serve* any paper within the time limited therefor, the court, or the judge thereof, in vacation, *shall, upon application filed within the time above limited,* set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100.00." (Italics supplied.)

This statute grants relief for both "neglect" and "failure" on the part of an attorney to protect the interest of his client; and the imposition of a penalty on the attorney is lodged in the "discretion" of the judge. These two words convey distinct and different implications.

The foregoing quotation was inserted in sec. 5–905 by amendment in 1921 for the evident purpose of relieving a litigant from a default, where he has entrusted his case to an attorney and is guilty of no neglect himself. By this clause of the statute, it was *mandatory* upon and not discretionary with the trial judge, to open the default in this case. (*Brainard v. Coeur d'Alene Antimony Min. Co.,* 35 Ida. 742, 208 Pac. 855; *Weaver v. Rambow,* 37 Ida. 645, 217 Pac. 610; *Wagner v. Mower,* 41 Ida. 380, 237 Pac. 118; *Miller v. Brinkman,* 48 Ida. 232, 281 Pac. 372.) It was not a matter of discretion with the trial court. The application was made within the statutory time and it is made mandatory upon the court to vacate a judgment entered under such circumstances.